IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

CANDISS TWEEDIE, on behalf
of herself and on behalf of all others
similarly situated,

    Plaintiffs,

v.     Case No. :

WASTE PRO OF FLORIDA, INC., a
Florida profit corporation, and
WASTE PRO USA, INC.,
a Florida profit corporation,

    Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Candiss Tweedie, by and through the undersigned attorneys, and on behalf of herself, the putative class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendants, Waste Pro of Florida, Inc. and Waste Pro USA, Inc. including, subsidiaries, divisions and affiliates (hereinafter, "Defendants"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.    Defendant, Waste Pro of Florida, Inc., provides solid waste collection, recycling, and disposal services to residential and commercial customers in the state of Florida. Waste Pro of Florida, Inc. is one of many affliated entities providing similar services under the "Waste Pro" umbrella throughout the United States.[1]

---

[1] The affliated Waste Pro entities operating under the Waste Pro umbrella identified to date by Plaintiff include: Delta Sanitation, LLC; Waste Pro of Alabama, Inc.; Waste Pro Blountstown, LLC; Waste Pro Columbus Property, LLC; Waste Pro Crestview, LLC; Waste Pro Defuniak Springs, LLC; Waste Pro Freeport, LLC; Waste Pro of Georgia, Inc.; Waste Pro Historical Museum, Inc.; Waste Pro Meridian Landfill I, LLC; Waste Pro Landfill II, LLC;

2. Defendant, Waste Pro USA, Inc. performs administrative services for all the related Waste Pro entities, including but not limited to procuring background checks/consumer reports on applicants/consumers seeking employment at all Waste Pro entities. Waste Pro USA, Inc. and all other Waste Pro entities routinely obtain and use information in consumer reports to conduct background checks on applicants and employees.

3. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendants – have complied with the FCRA's strict disclosure and authorization requirements. 15 U.S.C. § 1681(b)(2).

4. Defendants willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5. Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendants were required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that they may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendants willfully violated this requirement by failing to provide Plaintiff with a document that consists solely of the disclosure that it may obtain a consumer report on her for employment purposes, prior to obtaining a copy of her consumer report.

---

Waste Pro of Louisiana, Inc.; Waste Pro Lynn Haven, LLC; Waste Pro of Mississippi, Inc.; Waste Pro of North Carolina, Inc.; Waste Pro Ocala MRF, LLC; Waste Pro Panama City Beach, LLC; Waste Pro of South Carolina, Inc.; Waste Pro Southeast, LLC; Waste Pro Southport, LLC; Waste Pro Southwest, LLC; Waste Pro of Tennessee, Inc.; Waste Pro West Bay, LLC.

6. Defendants also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without lawful authorization, due to the fact that its FCRA disclosures fail to comply with the requirements of the FCRA.

7. Plaintiff asserts FCRA claims against Defendants on behalf of herself and the class consisting of all applicants and employees upon whom Defendants procured a consumer report for employment purposes.

8. In Counts I and II, Plaintiff asserts a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All employees and job applicants in the United States who were subject of a consumer report obtained for employment purposes by Waste Pro USA, Inc., or its affliates, who did not receive a lawful disclosure as required by 15 U.S.C. § 1681b(b)(2)(A) within two years of the filing of this complaint through the date of final judgment in this action.**

9. On behalf of herself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees and other appropriate relief under the FCRA.

## PARTIES

10. Individual and representative Plaintiff, Candiss Tweedie ("Plaintiff") was formerly employed by Defendant, Waste Pro of Florida, Inc., and is a member of the putative class defined below.

11. Defendant Waste Pro of Florida, Inc. is a corporation and user of consumer reports as contemplated by the FCRA, 15 U.S.C. § 1681b.

12. Defendant Waste Pro of USA, Inc. is a corporation and user of consumer reports as contemplated by the FCRA, 15 U.S.C. § 1681b.

**JURISDICTION AND VENUE**

13. This is an action for statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

14. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p.

15. Venue is proper in the United States District Court, Middle District of Florida, Tampa Divison because Plaintiff resides in the Middle District of Florida, the events giving rise to the allegations in this Complaint occurred in the Middle District of Florida and Defendants are headquartered in the Middle District of Florida.

**ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES**

*Background Checks*

16. Defendant Waste Pro USA creates, dictates and implements policies, procedures and processes for all Waste Pro entities. This includes the policies, procedures and processes for screening, hiring and on-boarding applicants for employment.

17. Defendants conduct background checks on applicants for employment as part of their regular screening process. Defendants also conduct background checks on existing employees during the course of their employment.

18. Defendants do not perform these background checks in-house. Defendants use outside consumer reporting agencies to obtain this information and report it to the Defendants. These reports constitute "consumer reports" for purposes of the FCRA.

19. The evidence will prove the FCRA disclosure Plaintiff was provided was promulgated by Waste Pro USA, Inc. and is the same FCRA disclosure used by all Waste Pro entities for which Waste Pro USA or the entities procured consumer reports.

20. The evidence will prove Defendant, Waste Pro USA, Inc. had contractual relationships with the consumer reporting agencies from which these consumer reports were obtained.

*FCRA Violations Relating to Background Check Class*

21. Defendants procured a consumer report on Plaintiff in violation of the FCRA.

22. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a *clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

*15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)* (emphasis added).

23. Defendants failed to satisfy these disclosure and authorization requirements.

24. Defendants did not provide a stand alone FCRA disclosure in a document that consists solely of the disclosure. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

25. The purpose of FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on clear notice that a consumer report may be prepared. This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes.[2]

26. Without clear notice that a consumer report is going to be procured, applicants and

---

[2] The "notice" concept is weaved into the fabric of the FCRA, as notice requirements are present in 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B) (notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and §1681(m)(a) (notice of adverse action).

employees are deprived of the opportunity to make informed decisions or otherwise assert federally protected rights.

27.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2016 WL 6248309, at *2 (M.D. Fla. Oct. 26, 2016) ("[Plaintiff] has statutorily-created rights under the FCRA to receive a clear and conspicuous stand-alone disclosure."); *Hargrett v. Amazon.com DEDC LLC*, No. 8:15-cv-2456-T-26-EAJ, 2017 WL 416427, at *5-*5 (M.D. Fla. Jan. 30, 2017) (Lazarra, J.) ("The invasion of plaintiffs' right to receive a stand-alone disclosure document required by the FCRA is not hypothetical or uncertain."); *Gross v. Advanced Disposal Services, Inc.*, No. 8:17-cv-1920-T-36TGW, 2018 WL 2229130 (M.D. Fla. December 10, 2018) (Honeywell, C.) (denying motion for judgment on pleadings because plaintiff sufficiently alleged statutury violations and ensuing injury).

28.     Defendants' FCRA disclosure was not a stand-alone disclosure, contained extraneous information that was misleading or otherwise confusing to applicants.  For example, the FCRA disclosure was in small font; contained irrelevant and inapplicable information; and intertwined the statutory definitions of "consumer reports" and "investigative consumer report." The purported disclosure also contained information about inapplicable state laws pertaining to background checks for states in which Defendants do not even conduct business.

29.     Defendants' FCRA disclosure was not "a clear and conspicuous disclosure."  It was not clear because the definitions were confusing.  It was not conspicuous because it was obfuscated by extraneous information.

30.     Defendants knowingly and recklessly disregarded case law and regulatory

guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on employees without complying with the FCRA's disclosure and authorization requirements. Defendants' violations were willful because Defendants knew they were required to provide a stand alone disclosure prior to obtaining and using consumer reports on the putative class members.

31. Defendants' conduct is also willful because:

   a. Defendants are large and sophisticated employers/entities with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b. Defendants knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

   c. Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

32. Defendants acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other putative class members. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendants had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants' size and sophistication knows or should know about FCRA compliance requirements.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

33. Plaintiff applied for employment with Defendant, Waste Pro of Florida, Inc. on or

7

around September, 2017.

34. As part of the hiring process, Plaintiff was provided and executed Defendants' background check disclosure on or around September, 2017.

35. Defendants procured a consumer report on Plaintiff. The consumer report contained personal, private, and sensitive information about Plaintiff.

36. It was unlawful for Defendants to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

37. Plaintiff was unable to focus on the purported disclosure because of the volume of information contained in the disclosure.

38. Plaintiff was distracted from the disclosure by the presence of additional information in the purported FCRA disclosure. For example, Plaintiff was distracted from the disclosure by the presence of state law information, which pulled her attention from the disclosure.

39. Plaintiff was confused about the nature and scope of Defendants' investigation into her background due to the presence of the additional language surrounding Defendants' FCRAS disclosure.

40. Plaintiff was confused about her rights due to the presence of the additional language contained in Defendants' forms.

41. Plaintiff values her right to privacy. If Plaintiff was aware Defendants had

presented her with an unlawful FCRA disclosure, Plaintiff would not have authorized Defendants to procure a consumer report and dig deep into her personal, private and sensitive information.

42. Defendants failed to satisfy the FCRA's requirement that an applicant/consumer be provided a stane alone disclosure when it procured Plaintiff's consumer report without providing her a compliant disclosure.

43. Defendants failed to abide by these long-established FCRA requirements.

## PLAINTIFF'S CONCRETE HARM

44. Defendants violated Plaintiff's right to privacy by obtaining her personal, private and sensitive information without a permissible purpose because Defendants did not provide her a lawful disclosure before obtaining her consumer report.

45. The FCRA's protections regarding who may obtain consumer reports and under what circumstances they may do so are real and substantive, not merely procedural. The violation alleged here is not just a technical requirement – without providing Plaintiff a lawful disclosure, Defendants had no statutory basis to obtain her consumer report.

46. Protection of consumer privacy is one well-recognized aspect of the FCRA, and the statutory provisions Defendants violated here are a cornerstone of the Act, enabling consumers to understand and have meaningful control over the dissemination of their personal, private and sensitive information.

47. Defendants' failure to provide Plaintiff with a lawful disclosure prior to obtaining her consumer report injured Plaintiff in that 1) her privacy was unlawfully invaded by Defendants unlawfully accessing her personal, private and sensitive information without a statutory basis; and 2) Plaintiff was deprived of information – a clear and conspicuous, stand-

9

alone disclosure of Defendants' intent to procure her consumer report, Congress requires employers to provide consumers as a condition for obtaining a consumer report, as set forth 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

48. Plaintiff's injuries were a direct result of Defendants' conduct. Plaintiff's privacy was invaded because Defendants accessed her personal, private and sensitive information after providing her an illegal disclosure of their intent to do so.

49. Defendants' conduct is precisely the type that Congress sought to prevent – protection of consumer privacy – with the requirement that employers provide a clear and conspicuous disclosure in a stand alone document, before procuring a consumer report for employment purposes.

50. Plaintiff has suffered a concrete, in-fact injury that is directly traceable to Defendants' conduct and that is likely redressable by a favorable decision here.

## CLASS ACTION ALLEGATIONS

51. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of a Background Check Class (the "Class"), defined as:

> **All employees and job applicants in the United States who were subject of a consumer report obtained for employment purposes by Waste Pro USA, Inc., or its affliates, who did not receive a lawful disclosure as required by 15 U.S.C. § 1681b(b)(2)(A) within two years of the filing of this complaint through the date of final judgment in this action.**

52. <u>Numerosity</u>: The members of the putative class are so numerous that joinder of all Class members is impracticable. Defendants regularly obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process.

10

Plaintiff is informed and believes that during the relevant time period, thousands of Defendants' employees and prospective employees satisfy the definition of the putative class. Based on the number of putative class members, joinder is impracticable. The names and addresses of the Class members are identifiable through Defendants' records and published Class members may be notified of this action by mailed notice.

53. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the putative class. Defendants typically use consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members, and Defendants treated Plaintiff consistent with other putative class members in accordance with their standard policies and practices.

54. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

55. <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

    a. whether Defendants use consumer report information to conduct background checks on employees and prospective employees;

    b. whether Defendants violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    c. whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

    d. whether Defendants' violation of the FCRA was willful;

   e. the proper measure of statutory damages; and

   f. the proper form of injunctive and declaratory relief.

  56. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendants. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

  57. This case is also maintainable as a class action because Defendants acted or refused to act on grounds that apply generally to the putative class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

  58. Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against the Defendants, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation

of all putative class members' claims in a single action, brought in a single forum.

WHEREFORE, Plaintiff prays for relief as follows:

    a. an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

    b. a judgment be entered for the proposed Class against Defendants for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

    c. the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o, against Defendants; and

    d. the Court grant such other and further relief as may be just and proper.

## COUNT I
### Failure to Make Proper Disclosure in Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(i)

59. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-58.

60. In violation of the FCRA, the FCRA disclosure Defendants required the Background Check Class to complete as a condition of their employment with Defendants, does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendants failed to provide a stand alone document as to the consumer report information being obtained and utilized.

*Plaintiff's First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

61. Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which she was entitled to by statute, namely a stand alone

13

FCRA disclosure before procuring her consumer report. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand alone disclosure.

62. Pursuant to § 1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time she was entitled to receive it, Defendants injured Plaintiff and the putative class members she seeks to represent.

63. Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand alone document, clearly informing the Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury.

64. Defendants' failure to provide Plaintiff and the putative class with a lawful disclosure created a risk of harm that Plaintiff and members of the putative class would be confused and distracted by the extraneous language present in Defendants' unlawful FCRA disclosure.

*Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

65. Defendants invaded Plaintiff's right to privacy. The FCRA clearly states, a person may not procure a consumer report, or cause a consumer report to be procured, for

14

employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, *disclosure and authorization*) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

66. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law. Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without lawful authorization.

67. The foregoing violations were willful. At the time Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) Defendants knew they were required to provide a stand alone disclosure (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the putative class. A plethora of authority, including both case law and FTC opinions, existed at the time of Defendants' violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendants' willful conduct is also reflected by, among other things, the following facts:

   a. Defendants knew of potential FCRA liability;

   b. Defendants are sophisticated employers/entities with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

   c. Defendants knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

   d. Defendants voluntarily ran a risk of violating the law substantially

15

greater than the risk associated with a reading that was merely careless.

68. The Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

69. The Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as follows:

   a. determining that this action may proceed as a class action;
   b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;
   c. issuing proper notice to the putative class at Defendants' expense;
   d. finding that Defendants committed multiple, separate violations of the FCRA;
   e. finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;
   f. awarding statutory damages as provided by the FCRA to members of the putative class; and
   g. awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT II**
**Failure to Obtain Proper Authorization in**
**Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)**

70. Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs 1-58.

71. Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure.

*Plaintiff's First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

72. Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand alone FCRA disclosure. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

73. Pursuant to §1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, in the form it should have been provided, Defendants injured Plaintiff and the putative class members she seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then *15 U.S.C. § 1681b(b)(2)(A)(ii).*

74. Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand alone document, clearly

17

informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

75. Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e., disclosure and authorization*) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

76. Defendants' failure to provide Plaintiff and the putative class with a lawful disclosure created a risk of harm that Plaintiff and members of the putative class would be confused and distracted by the extraneous language.

***Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy***

77. Additionally, Defendants invaded Plaintiff's right to privacy and intruded upon her seclusion. The FCRA clearly states, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e., disclosure and authorization*) set forth in the following subsections: 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii). Plaintiff's consumer reports contained a wealth of private information which Defendants had no right to access absent a specific Congressional license to do so. Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her personal, private, and sensitive information without lawful authorization. *Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (2017) (Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

78. The foregoing violations were willful. Defendants knew that to have

authorization to obtain consumer reports on Plaintiff and the putative class members it was required to provide a stand alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the putative class. Plaintiff, Candiss Tweedie executed Defendants' illegal FCRA Disclosure on or about September, 2017. A plethora of authority, including both case law, and FTC opinions, existed at the time of Defendants' violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendants' willful conduct is also reflected by, among other things, the following facts:

    a. Defendants knew of its potential FCRA liability;

    b. Defendants are sophisticated employers/entities with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    c. Defendants knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    d. Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

79. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

80. Plaintiff and the Background Check Class are further entitled to recover their

costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of herself and the putative class, prays for relief as follows:

    a. determining that this action may proceed as a class action;

    b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

    c. issuing proper notice to the putative class at Defendants' expense;

    d. finding that Defendants committed multiple, separate violations of the FCRA;

    e. finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

    f. awarding statutory damages as provided by the FCRA to members of the putative class; and

    g. awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative class demand a trial by jury.

Dated this 26th day of July, 2019.

    /s/ *Marc R. Edelman*
    Marc R. Edelman, Esq.
    Fla. Bar No. 0096342
    MORGAN & MORGAN, P.A.
    201 N. Franklin Street, Suite 700
    Tampa, FL 33602
    Telephone: 813-223-5505
    Fax: 813-257-0572
    E-mail: MEdelman@forthepeople.com
    *Attorney for Plaintiffs*