UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDISS TWEEDIE,

    Plaintiff,

v.                                          Case No. 8:19-cv-01827-T-60AEP

WASTE PRO OF FLORIDA, INC. and
WASTE PRO USA, INC.,

    Defendants.
_____/

## ORDER DENYING "DEFENDANTS' MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on "Defendants' Motion to Dismiss Complaint and Incorporated Memorandum of Law," filed on August 22, 2019. (Doc. 9). Plaintiff filed her response on September 5, 2019. (Doc. 10). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[1]

In September 2017, Plaintiff Candiss Tweedie applied for a job with Defendant Waste Pro of Florida, Inc. (Waste Pro of Florida). According to Plaintiff, Defendant Waste Pro USA, Inc. (Waste Pro USA) performs administrative services for all Waste Pro entities, including the procurement of background checks and

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint (Doc. 1) for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court need not accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

consumer reports for applicants and employees. As part of the application process, Plaintiff completed a background check and executed a document that would allow access to Plaintiff's consumer report (the Disclosure). Plaintiff signed the Disclosure, and Defendants procured Plaintiff's consumer report, which included personal, private, and sensitive information.

On May 14, 2019, Plaintiff filed a purported class action complaint in state court against Waste Pro USA. (Doc. 9-1). Plaintiff subsequently voluntarily dismissed her state court complaint and, on July 26, 2019, filed suit against both Waste Pro USA and Waste Pro Florida in this Court. (Doc. 1). Plaintiff alleges that Defendants violated the Fair Credit Reporting Act (FCRA) when they procured Plaintiff's consumer report — and the reports of all those similarly situated — without (1) making proper disclosures, or (2) obtaining proper authorization. Specifically, Plaintiff alleges that the Disclosure was over-inclusive, confusing as to its scope and nature, and included extraneous information.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *report and recommendation adopted*, No. 18-62468-

CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). When reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

Defendants contend that Plaintiff's complaint is deficient because she: (1) incorporated preceding paragraphs into her counts; (2) did not attach the Disclosure or quote specific provisions she believes violate the FCRA; (3) cites to case law and statutes; and (4) does not sufficiently identify or describe the conduct of each Defendant.

First, Plaintiff's complaint appropriately incorporates only jurisdictional and factual paragraphs into her counts rather than the allegations of all preceding counts. *See, e.g. Terry v. Interim Healthcare Gulf Coast, Inc.*, 8:18-cv-692-T-33JSS, 2018 WL 1992276, at *2 (M.D. Fla. Apr. 27, 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)).

Second, Plaintiffs allegations meet the notice pleading standard. *See Woods v. On Baldwin Pond, LLC*, 634 F. App'x 296, 298 (11th Cir. 2015) (quoting *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985)) (explaining

that a complaint must merely give "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Plaintiff alleges that the Disclosure was over-inclusive, confusing as to its scope and nature, and included extraneous information, such as unnecessary state law information. These allegations provide sufficient notice as to the nature of Plaintiff's claims against Defendants.

Third, Defendants argue that Plaintiff's citations to statutes and case law render the complaint deficient. However, such citations only violate Rule 8 where the complaint is "so mired in extraneous facts, legal arguments, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a)." *Barger v. Kerns Cty. Sheriff's Dep't*, Case No. 1:12-cv-1846-GBC(PC), 2012 WL 5949101, at *3 (E.D. Cal. Nov. 28, 2012); *see, e.g.*, *Martinez v. Deutsche Bank Nat. Trust Co.*, Case No. 5:11-cv-580-Oc-10TBS, 2012 WL 834115, at *3 (M.D. Fla. Mar. 13, 2012) (explaining that it is "perfectly appropriate to cite in a complaint a statute or regulation upon which jurisdiction, venue, or cause of action is based"). Plaintiff's citations to relevant provisions of the FCRA and related case law to support her allegations that the Disclosure violates the "stand alone disclosure" requirement do not render the complaint overly cumbersome or otherwise confusing. *See* (Doc. 1, ¶¶ 21-27).

Lastly, Plaintiff's complaint sufficiently identifies the alleged acts and omissions of Defendants. "Rule 8 does not require a plaintiff to bring separate claims against each defendant as long as each defendant has notice of the specific claims against it." *Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, Case No. 5:17-cv-187-Oc-34PRL, 2017 WL 6319549, at *6 (M.D. Fla.

Dec. 11, 2017) (citing *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)). Here, Plaintiff alleges that after she applied to work for Waste Pro Florida, both Defendants impermissibly obtained or used her consumer report in violation of the FCRA. *See* (Doc. 1, ¶¶ 1-3, 7, 11, 12, 16-19, 22, 60). The complaint can be fairly read to aver that both Defendants are responsible for the alleged acts and omissions. *See id.*

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Complaint and Incorporated Memorandum of Law" (Doc. 9) is **DENIED**.
2. Defendants are directed to file an answer on or before April 10, 2020.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of March, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**