UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDISS TWEEDIE,

    Plaintiff,

v.                                      Case No. 8:19-cv-01827-TPB-AEP

WASTE PRO OF FLORIDA, INC. and
WASTE PRO USA, INC.,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the report and recommendation of Anthony E. Porcelli, United States Magistrate Judge. (Doc. 57). Plaintiff Candiss Tweedie alleges that Defendants obtained consumer reports on her and other putative class members without first making the proper standalone disclosures, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"). *See* (Doc. 1). The parties have reached a settlement and now move for preliminary approval of their settlement agreement, preliminary certification of the class, preliminary approval of Plaintiff as Class Representative and of her counsel as Class Counsel, approval of the form and manner of their proposed notice to the class, approval of a schedule of deadlines, and a fairness hearing for the final consideration and approval of their settlement agreement. *See* (Doc. 55). Judge Porcelli recommends the motion be granted. No party has filed an objection, the

parties filed a "Joint Notice of No Objection" (Doc. 58), and the time to object has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

After careful consideration of the record, including Judge Porcelli's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Porcelli's detailed and well-reasoned factual findings and legal conclusions, including that the Joint Stipulation of Class Settlement (Doc. 55-1) should be approved on a preliminary basis as fair, reasonable, and adequate.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Judge Porcelli's report and recommendation (Doc. 57) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Plaintiff's "Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class" (Doc. 55) is granted, and the Joint Stipulation of Class Settlement (Doc. 55-1) is preliminarily approved as fair, reasonable, and adequate.

3. The Settlement Class, defined as follows, is preliminarily approved:

   All individuals who, during the Covered Period, were subject to at least one consumer report (as defined in the FCRA) procured by Defendants (separately or jointly) between May 14, 2017 and June 4, 2020).[1]

4. Plaintiff Candiss Tweedie is preliminarily appointed as Class Representative.

5. Attorney Marc Edelman is preliminarily appointed as Class Counsel

6. The Notice (Doc. 55-1 at 30-31, amended to define "Settlement Class" as set forth in paragraph 3 above) is approved and adopted.  The method for providing notice to Settlement Class Members set forth in the report and recommendation is approved and adopted.

7. The schedule and procedures set forth in the report and recommendation (and in the paragraphs of the Joint Stipulation of Class Settlement referenced therein) are approved and adopted.

8. A fairness hearing will be scheduled before Judge Porcelli.  Counsel are

---

[1] As recommended by Judge Porcelli, this class definition tracks that in paragraph 34 of the Joint Stipulation of Class Settlement.  The Court has made a minor grammatical change in the language of the definition (changing "as to whom" to "who").  Any objection to this change should be filed with the Court within five calendar days of entry of this Order.

directed to contact Judge Porcelli's chambers for further instruction.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of August, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**