UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

CANDISS TWEEDIE, on behalf
of herself and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                         Case No. : 8:19-cv-01827-TPB-AEP

WASTE PRO OF FLORIDA, INC., a
Florida profit corporation, and
WASTE PRO USA, INC.,
a Florida profit corporation,

    Defendants.
_____/

**PLAINTIFF'S UNOPPOSED FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Candiss Tweedie ("Plaintiff"), and Defendants, Waste Pro USA, Inc. and Waste Pro of Florida, Inc., (collectively, the "Parties"), by and through the undersigned counsel, hereby file this Joint Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, seeking the Court's final approval of the Parties' class action settlement ("Joint Stipulation of Class Settlement" or "Agreement" - previously filed with the Court at Dkt. 55-1).

The Court has already preliminarily approved Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class and the

Parties' Joint Stipulation of Class Settlement. (Dkt. 59). Following preliminary approval, the Settlement Administrator mailed the approved notice to class members in accordance with the Court's Preliminary Approval Order. *Id*. Practically speaking, little has changed since the Court issued the Order granting preliminary approval, confirming the Settlement is fair, reasonable, adequate, and warrants final approval.

## I. HISTORY OF THE LITIGATION

### A. The Litigation

In the Class Action Complaint, Plaintiff allege Defendants violated 15 U.S.C. § 1681b(b)(2)(A) of the FCRA by failing to: 1) disclose to the Class Representative and other employees, former employees, and/or prospective employees (in a document consisting solely of the disclosure) that they were going to obtain a consumer report for employment purposes prior to obtaining a copy of the actual report; and, 2) as a result, failed to obtain the proper authorization under the FCRA to obtain those consumer reports (collectively, the "FCRA Claims"). More particularly, Plaintiff alleged Defendants' FCRA disclosure and authorization form: 1) was not a stand-alone disclosure; and 2) contained extraneous information, causing consumers confusion and otherwise distracting consumers from the disclosure.

The action was originally filed on May 14, 2019 in the Circuit Court of

Hillsborough County, Florida. In July 2019, Plaintiff dismissed the state court action and filed her lawsuit in the United States District Court for the Middle District of Florida. Both Parties litigated the case aggressively. Specifically, the Parties propounded discovery, responded to discovery and deposed witnesses, including Plaintiff and Defendant's corporate representative. Concomitantly, the Parties also engaged in significant motion practice, including Defendant's Motion to Dismiss the Action (denied by this Court) and Plaintiff's Motion for Class Certification.

**B.     Mediation And Settlement Agreement**

After a year of litigation, and with Plaintiff's Motion for Class Certification pending, the Parties attended a full day mediation session with Carlos Burruezo, Esq., an experienced and respected class action mediator. At the conclusion of a long day of adversarial negotiations, and with Mr. Burruezo's persistence, the Parties finally agreed to settlement in principle resolving the claims of approximately 6,419 people. In the weeks following the mediation, the Parties memorialized the details of the Settlement in the Joint Stipulation of Class Settlement [Dkt. 55-1]. As approved by this Court, the terms of settlement included:

- Certification of a class consisting of all natural persons residing within the United States and its Territories with respect to whom, within the two years preceding the filing of this Action and extending through the resolution of this Action, Waste Pro procured or caused to be procured a

consumer report for employment purposes based on the disclosure form used for Plaintiff;

- Establishment of a gross Settlement Fund in the amount of $499,000.00.

- Payment of $100.00 to every Settlement Class Member that timely submits a claim form.

- Payment from the Settlement Fund of an attorneys' fees award not to exceed one third of the Settlement Fund, if approved by the Court, plus reimbursement from the Settlement Fund for litigation-related costs and expenses;

- Payment from the Settlement Fund to Plaintiff a sum of $7,500.00 as consideration for execution of a General Release of all claims; and

## II.   OVERVIEW OF SETTLEMENT TERMS AND RELIEF

### A.   The Settlement Class And Benefits

The Settlement resolves the claims of a nationwide Background Check class consisting of 6,419 applicants upon whom it is alleged Defendants unlawfully obtained a background check for employment purposes in violation of the Fair Credit Reporting Act ("FCRA"). Class members submitting claims forms will receive cash payments of $100.00 without having to show that Defendant willfully violated the FCRA.

All costs, expenses, fees, relief, and/or any payments of any kind in connection with or associated with this Settlement shall be paid from the Settlement Fund. This includes, (a) all payments to Settlement Class Members; (b) payment to named Plaintiff as consideration for executing a general release; (c) all

4

costs of notice and settlement administration; and (d) all Attorneys' Fees and Costs, as approved by the Court. However, none of these payments shall reduce the payments to Settlement Class Members, fixed at $100.00. The monetary relief obtained by this proposed settlement demonstrates that this settlement is a very good result for the Class.

**B.   Notice And Administration after Preliminary Approval**

The Parties utilized a private, Court-approved third-party vendor, American Legal Claims Service ("ALCS" or "Settlement Administrator") to notify the Settlement Class of the settlement and to provide settlement administration services. The Parties agreed the costs of providing notice to the Settlement Class and settlement administration will be paid from the Settlement Fund.

Defendant provided ALCS and Class Counsel an electronic file containing the names and last known mailing addresses for 6,419 class members. (See Exhibit "1," attached hereto – Salhab Decl., ¶ 4). On September 7, 2021, ALCS mailed 6,419 Notice Packages containing the Court-approved Notice to Class Members. (*Id.*, ¶ 6). Prior to the mailing, ALCS established a toll-free number and website, www.tweediefcrasettlement.com, to make information about the settlement available to class members when they received Notice Packages. (*Id.*, ¶¶ 8, 9). Ultimately, only 158 of the 6,419 Notice Packages were deemed undeliverable. *Id*.

The Notices informed Settlement Class members of: (1) the material terms of the Settlement Agreement; (2) their right to object and how to do so; (3) their right to exclude themselves by opting out and how to do so; (4) that they will be bound by the Settlement Agreement if they do not opt out; (5) the date, time and location of the final fairness hearing scheduled by the Court; and (6) that the Court retains the right to reschedule the final fairness hearing without further notice. (Dkt. 55-1). The Class Notices also directed recipients to the settlement website, www.tweediefcrasettlement.com, which contained additional information about the Settlement, including the relevant pleadings and settlement agreement. (See Exhibit "1," attached hereto – Salhab Decl., ¶ 14). These extensive efforts to provide notice to the Settlement Class are "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

**C.   Class Members Supported the Settlement**

The Settlement was supported by the Settlement Class. The deadline for exclusions and objections was October 7, 2021. There were no objections, and three requests for exclusion. (*Id.,* ¶ 12).

**D.   The Release of Claims**

Settlement Class Members agreed to release the claims alleged in the Complaint, including all claims related to Defendants' disclosure and compliance with the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, and any other state or

federal statutory or analogous common law claim (including but not limited to invasion of privacy) arising out of the application for employment (the "Released Claims") which have accrued on or before preliminary approval.

### E. Attorneys' Fees and Expenses

Pursuant to the Settlement Agreement, Class Counsel is authorized to petition the Court for up to $166,167.00 or (33.33%) of the Settlement Fund as attorneys' fees and costs. Class Counsel has previously submitted a separate Motion for Attorney's Fees and Costs. (Dkt. 61).

## III. THE PROPOSED CLASS HAS BEEN CERTIFIED AND THE NOTICE PLAN APPROVED

### A. The Class Has Already Been Certified

The Court has already determined this action was proper for resolution on a class wide basis pursuant to Rule 23(a) and 23(b)(3). (Dkt. 59). Since the Court's Preliminary Approval Order, there have been no objections to the Court's certification of the Background Check Class. Thus, there is no reason to re-visit the Court's prior ruling.

### B. The Class Notice Met the Requirements of Rule 23(c) And Due Process

Federal Rule of Civil Procedure 23(c)(2)(B) requires that class notice:

> [C]oncisely state in plain, easily understood language:
>
> (i)   the nature of the action;
> (ii)  the definition of the class certified;
> (iii) the class claims, issues, or defenses;

       (iv)    that a class member may enter an appearance through an attorney if the member so desires;
       (v)    that the court will exclude from the class any member who requests exclusion;
       (vi)    the time and manner for requesting exclusion; and
       (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

The Court-approved Notice satisfies each of these requirements.

As to the manner of providing notice, Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part, that, "[f]or any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." An individual mailing to each class member's last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (noting that individual mailings satisfy Rule 23(c)(2)).

## C.  The Settlement is Fair, Reasonable, and Adequate

In determining whether a proposed settlement is fair, reasonable, and adequate, the Court should consider several factors, including: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which

the settlement was achieved. *Waters*, 2012 U.S. Dist. LEXIS 99129, at *33 (citing *In re CP Ships Ltd. Secs. Litig.*, 578 F.3d 1306, 1317–18 (11th Cir. 2009)). "[D]etermining the fairness of a [class action] settlement is a discretionary decision for the trial court, though it should be 'informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement.'" *United States ex rel. Balko v. Senior Home Care, Inc.*, No. 8:13-CV-3072-T-17TBM, 2017 WL 9398654, at *8 (M.D. Fla. May 2, 2017), *report and recommendation adopted*, No. 8:13-CV-03072-EAK-TBM, 2017 WL 3268200 (M.D. Fla. Aug. 1, 2017).

    **1. The Likelihood of Success at Trial Confirms Settlement is Appropriate**

Continuing the FCRA Litigation would have been complicated, protracted, and expensive. The risk of the Plaintiff being unable to establish liability and damages was also present because of the numerous defenses Defendants intended to assert if the case was not settled. From Plaintiff's perspective, there was a risk the Court would accept one or more of Defendants' arguments on a key point and dismiss the case, grant summary judgment, or refuse to certify the Class. Plaintiff's success on any of these aspects in motions practice, let alone at trial, was not guaranteed. Moreover, even if Plaintiff prevailed on class certification and survived summary judgment, Plaintiffs still faced the uphill battle of proving willfulness at trial. There is no certainty that continued litigation would provide a

better outcome than the settlement. This factor therefore favors a finding that the Settlement is fair, reasonable, and adequate. *Youngman v. A&B Ins. & Fin., Inc.*, No. 6:16-CV-1478-ORL-41GJK, 2018 WL 1832992, at *7 (M.D. Fla. Mar. 22, 2018), *report and recommendation adopted*, No. 6:16-CV-1478-ORL-41GJK, 2018 WL 1806588 (M.D. Fla. Apr. 17, 2018) (approving settlement where plaintiffs faced similar difficulties of proof at trial).

Courts reviewing the issue of fairness have favored settlements that allow even partial recovery for class members where the results of suits are uncertain. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Risk that the class will lose should the suit go to judgment on the merits justifies a compromise that affords a lower award with certainty."); *see In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001); *Pinsker v. Borders Group, Inc. (In re BGI, Inc.)*, 465 B.R. 365, 379 (Bankr. S.D.N.Y. 2012) (approving class settlement with 17% cap on total liability, on grounds that "Class Members would have received nothing if they were not successful). Therefore, it is reasonable for the Class Members to take the bird in the hand instead of the prospective flock in the bush") (citations omitted); *Kizer*, 2012 U.S. Dist. LEXIS 63795, at *23–24 (approving class settlement awarding approximately 30% of possible recovery); *Smith*, 2007 U.S. Dist. LEXIS 85551, at *15 (approving class settlement where, "Plaintiffs concede that their case against the [] Defendants is not a sure success").

2.  **The Recovery in the Settlement is Compares Favorably to Similar FCRA Settlements**

The Settlement provides a fixed payment of $100.00 to each Settlement Class Member, and which is comparable to awards in similar FCRA Disclosure class cases. *Bryant v. Realogy Group, LLC,* No: 8:18-cv-2572-T-60CPT, Document 51, (M.D.Fla. August 8, 2019)(recommending approval of similar FCRA settlement providing $50.00 fixed recovery for Background Check Class), report and recommendation adopted, *Bryant v. Realogy Group*, No: 8:18-cv-2572-T-60CPT, Document 53, (M.D.Fla. September 4, 2020)(Barber, T.); *Bermudez v. CFI Resorts Management*, Inc., Case 6:19-cv-01847-RBD-DCI, Document 65, (M.D.Fla. Nov. 23, 2020) (Judge Dalton approved payment of $57.50 to class members); *Speer v. Whole Food Mkt. Grp., Inc.,* No. 8:14-CV-3035-T-26TBM, Document 68,(M.D. Fla. January 1, 2016)(final Order entered by Judge Lazzara approving $40 gross recovery for FCRA class members); *Simons v. Aegis Commc'ns Grp.,* No. 2:14-cv-04012, Document 29, (W.D. Mo. Oct. 15, 2014)(preliminarily approving improper disclosure settlement with payment of $35 per class member); *Beverly v. Wal-Mart Stores, Inc*., No. 3:07-cv-469, Document 39, (E.D. Va. May 1, 2009) (approving settlement providing for $54 gross amount per class member).

### 3. Continued Litigation will be Complex, Expensive and Resource-Consuming

There is an inherent and substantial expense to continued litigation. If the Parties had not settled at mediation, Plaintiff and Defendants would have commenced intensified motion practice. Plaintiff already moved for class certification, which Defendant would have contested. The non-prevailing party at the class certification stage would most likely file a Rule 23(f) petition with the Eleventh Circuit. Defendant would inevitably file a dispositive motion. In short, the outcomes of the class certification proceedings and dispositive motion practice would dictate the course of the litigation. If Plaintiffs was to defeat a dispositive motion, the action would have proceeded to trial, with the significant expense and use of resources that accompanies trial preparation. Indisputably, litigation in this case, absent settlement, would be complex, expensive and time consuming.

Class and Defense Counsel are experienced class action litigators, who reached this Settlement after a full day mediation session with an experienced mediator. The Parties exchanged and reviewed discovery, taken depositions and had sufficient information in their possession to evaluate their respective positions. Class Counsel strongly recommends that the Court approve the Settlement. Defendants concur. Thus, the Court should approve the Settlement. *Fernandez*, 2017 WL 7798110, at *2.

### 4. There Has Been Minimal Opposition to the Settlement

As noted above, nearly all Class Members have been notified of the Settlement. Only three requested to be excluded and there are no objections to the settlement or attorneys' fees. Class Counsel is not surprised at a lack of objections - the Settlement is a very good result for the Class. The minimal opposition to the Settlement favors a finding that it is fair, reasonable, and adequate. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499, at *1 (M.D. Fla. June 5, 2017).

### 5. The Settlement was Reached at an Appropriate Stage of Proceedings

This factor focuses on assuring that "the plaintiffs have access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of the settlement against further litigation." *United States ex rel. Balko*, 2017 WL 9398654, at *12. In this case, Plaintiff certainly did. Plaintiff's counsel completed all critical discovery and deposed Defendant's corporate representative. A well-respected class action mediator oversaw extensive settlement discussions, further confirming the adequacy of the Settlement. Class counsel, well versed in FCRA class action litigation, is satisfied the case was thoroughly investigated prior to settlement. Thus, the Court should conclude that this factor also favors granting final approval. See *Poertner v. Gillette Co.*, No. 6:12-CV-803-ORL-31DA, 2014

WL 4162771, at *4 (M.D. Fla. Aug. 21, 2014), aff'd, 618 F. App'x 624 (11th Cir. 2015) (finding similar facts weighed in favor of approval of settlement).

## IV.　CONCLUSION

The Settlement is fair, reasonable and adequate and in the best interests of the Class. The Settlement was obtained at the appropriate stage of litigation and the result of arm's-length negotiations through a well-respected mediator. The $100.00 payments to Settlement Class Members compares favorably to payments in similar cases.

WHEREFORE, Plaintiff respectfully request the Court enter a Final Order: (1) approving the Settlement Agreement between Plaintiff, on her own behalf and on behalf of the Settlement Class, and Defendants; (2) finally certifying the above-described Settlement Class for settlement purposes; and, (3) requiring the Parties to comply with the terms and conditions in the Settlement Agreement or pursuant to the Court's Order granting Final Approval.

Dated this 27th day of October, 2021.

                                    /s/ *Marc R. Edelman*
                                    **MARC R. EDELMAN, ESQ.**
                                    Florida Bar No.: 0096342
                                    **MORGAN & MORGAN, P.A.**
                                    201 N. Franklin Street, Suite 700
                                    Tampa, FL 33602
                                    Telephone: 813-223-5505
                                    Facsimile:  813-257-0572
                                    MEdelman@forthepeople.com
                                    *Attorney for Plaintiff*

## LOCAL RULE 3.01(g) CERTIFICATE

Plaintiff's counsel conferred with Defendant's counsel who does not oppose the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October, 2021, a true and correct copy of the foregoing was sent via electronic transmission and/or via U.S. Mail to the following:

Amy S. Tingley, Esq.
Matthew J. Pearce, Esq.
STOVASH, CASE & TINGLEY, P.A.
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
atingley@sctlaw.com
mpearce@sctlaw.com
*Counsel for Defendants*

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**